### E. I. DU PONT DE NEMOURS & CO. v. TEMPLE.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1858.

1. **Courts** ☞329—**Allegation of value involved held sufficient to give federal court jurisdiction.**

An allegation in a bill for a mandatory injunction that "the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars," *held* sufficient to give a federal court jurisdiction.

2. **Injunction** ☞195—**Retention of cause to award damages in lieu of injunction not error.**

Where a trial court held that a suit was properly brought in equity for an injunction, but refused injunctive relief on the ground that it would be detrimental to the public interest because of war conditions then existing, it was not error to retain the cause in equity for an award of damages in lieu of the injunction.

3. **Interest** ☞19 (1)—**Not recoverable prior to judgment for unliquidated damages.**

Where an equity suit had become in effect one for the recovery of unliquidated damages interest is not allowable on the amount recovered prior to decree.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Suit in Equity by Edward G. Temple against E. I. Du Pont de Nemours & Co. Decree for complainant, and defendant appeals. Affirmed.

J. Gordon Bohannan, of Petersburg, Va. (Charles E. Plummer, of Petersburg, Va., on the brief), for appellant.

Charles T. Lassiter, of Petersburg, Va., and James Mann, of Norfolk, Va. (Lassiter & Drewry, of Petersburg, Va., and Mann & Tyler, of Norfolk, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

KNAPP, Circuit Judge. The above-named appellee, herein referred to as plaintiff, owns a tract of some 480 acres of land in Prince George county, Va., on the southerly side of and extending for about a mile along Bailey's creek, a navigable stream which empties into the James river a short distance below. In 1915 the defendant company established on the opposite side of the creek a gun cotton plant, the size of which is indicated by the fact that it employed at times as many as

25,000 men and used daily some 90,000,000 gallons of water. The waste products of this operation, consisting in part of refuse cotton and other substances impregnated with poisonous chemicals, were carried into the creek, with the result, as plaintiff claims, that its navigability became materially impaired and its waters greatly polluted. In consequence he brought this suit, in June, 1916, to restrain defendant from discharging its waste material into the creek, to require it to clean out the creek and restore the same to its natural state, and for other relief. Damages were not asked.

[1] Defendant moved to dismiss the bill on various grounds, only one of which needs be noticed, namely, that it does not appear from the face of the bill "that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars," and therefore the court was without jurisdiction. In this regard the allegation of the bill is in the words just quoted, and this allegation must be held sufficient, especially in view of the mandatory injunction prayed for, on the authority of Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U. S. 121, 125, 36 Sup. Ct. 30, 60 L. Ed. 174, and cases therein cited. The motion to dismiss was properly denied.

[2] Following the denial defendant answered, and later there was a hearing in the court below at which a number of witnesses were examined. In the meantime had come the declaration of a state of war with Germany, for the prosecution of which defendant's product was deemed essential. Accordingly, by decree of July 17, 1917, the court held that the suit is one of which a court of equity has jurisdiction and was therefore properly instituted, but refused an injunction "in view of the probable consequence of the granting of the injunction prayed for in the bill, and considering the public interest involved," denied a motion to transfer the cause to the law side of the court, and instead referred it to a special commissioner, "to take an account of the damages sustained by the plaintiff," by reason of the matters alleged in the bill. And defendant insists that it was error to refuse the requested transfer, when injunctive relief was denied, because of equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), which reads as follows:

"If at any time it appears that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and there proceeded with, with such alterations in the pleadings as shall be essential."

But this is not a suit which should have been brought on the law side of the court. The bill on its face so shows, and the trial court so held. Plaintiff sues in equity, not for damages, but to have undone the wrong he has suffered. He is not asking compensation for the injuries received, but the restoration of property rights of which he has been deprived by defendant's unlawful acts. Even here he avows his willingness and desire to forego all claim to money damages, if only the creek be made as navigable, and its waters as wholesome, as before defendant built its plant. And the court says in effect that he is entitled to the relief sought, and that such relief would be granted, were it not for the grave consequences that would result to defendant and the public. In these circumstances we think the court was clearly right in re-

taining the cause on the equity side, and in proceeding to ascertain and award damages in lieu of the refused injunction. 22 Cyc. 968; Gormley v. Clark, 134 U. S. 338, 10 Sup. Ct. 554, 33 L. Ed. 909; United States v. Union P. R. Co., 160 U. S. 1, 16 Sup. Ct. 190, 40 L. Ed. 319.

In a careful and well-reasoned report, which reviews the voluminous testimony at some length, discusses the various questions raised and cites many authorities, the special commissioner finds that plaintiff is entitled to damages in the sum of $8,500. Of the motion to reject this report and the numerous exceptions thereto, extending through 20 pages of the printed record, it is enough to say that laborious examination discloses no substantial ground for a conclusion more favorable to defendant. To discuss these objections in detail would expand this opinion to undue length and serve no useful purpose. We are content to hold that the court below did not err in overruling the motion and confirming the report.

[3] The final decree, entered January 14, 1920, awards to plaintiff the $8,500 damages found by the special commissioner, with interest thereon from the 17th of July, 1917, the date of the order of reference. We are of opinion that this allowance of interest was unwarranted. When plaintiff was refused an injunction, but granted the alternative relief of damages to be ascertained, his suit became in effect, as respects the question of interest, an action in tort for the recovery of unliquidated damages, and the rule has long obtained that in such an action interest is not recoverable. 22 Cyc. 1512. The presumption is that the sum awarded includes all damages up to the date of the findings, and nothing appears in the special commissioner's report, or otherwise of record, to overcome that presumption. The Virginia statute cited by plaintiff does not apply to the case here presented, and no authority is found which sustains his contention.

The decree will be modified, by striking out the allowance of interest prior to January 14, 1920, the date of its entry, and, as so modified, will be affirmed.