## J. F. TONER & SON, INC., ET AL.

### V.

## STAUNTON PRODUCTION CREDIT ASSOCIATION, ET AL.

Record No. 870114

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Peter C. Riley (Roger K. Grillo*, on brief), for appellants.
*James G. Welsh (Boyce E. Brannock; Timberlake, Smith, Thomas & Moses, P.C.*, on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

The sole question before us in this appeal is the choice of the appropriate statute of limitations applicable to actions for fraud. Because the issue was decided below upon defendants' pleas of the statute of limitations, the facts will be stated here as alleged in the plaintiffs' pleadings.

J.F. Toner & Son, Inc., a domesticated Delaware corporation operating a dairy farm in Virginia (the borrower), obtained a loan in 1979 from Federal Land Bank Association of Staunton and Staunton Production Credit Association (the lenders), secured by a security agreement covering a part of the borrower's assets. On March 20, 1981, the lenders, acting through their agents, Richard E. Reeves and C. McCheyne Swortzel, promised to advance additional funds to the borrower in exchange for a further security agreement covering all the borrower's remaining assets. The borrower gave the additional security requested but the lenders thereafter refused to advance the additional funds.

The plaintiffs further allege that on May 17, 1982, Swortzel, acting for the lenders, agreed to lend an additional $200,000 to the borrower if Mary Toner, a major stockholder in the borrower, would pledge certain personal assets to secure the loan. In reliance on that promise, Mrs. Toner pledged securities worth in excess of $400,000 to the lenders, but the lenders thereafter refused to make the additional $200,000 loan.

On May 24, 1984, Mary Toner and the borrower brought this action against Reeves, Swortzel, and the lenders. The plaintiffs' second amended motion for judgment contains nine counts asserting various claims. Only two are pertinent to this appeal: Count

Two, in which the borrower alleges that it suffered damages caused by fraud and misrepresentations on the part of Reeves, Swortzel, and the lenders, and Count Six, in which Mrs. Toner alleges that she suffered damages caused by fraud and misrepresentations on the part of Swortzel and the lenders.

The defendants filed pleas of the statute of limitations to Counts Two and Six, contending that the one-year limitation of Code § 8.01-248 applied. The plaintiffs contended that the fraud claims were governed by the five-year limitation provided by Code § 8.01-243(B) and, therefore, that the action was timely. The court, by letter opinion, agreed with the defendants and entered an order in November 1986 sustaining the pleas and dismissing Counts Two and Six. This order had the effect of dismissing Reeves and Swortzel from the action and, therefore, was final and appealable, although the action remains pending in the trial court with respect to other counts. We granted the plaintiffs an appeal limited to the statute-of-limitations question.

At the times pertinent to this appeal, Code § 8.01-243 provided a two-year limitation for personal injury claims and a five-year limitation for injury-to-property claims. Code § 8.01-248 provided a one-year limitation for "[e]very personal action, for which no limitation is otherwise prescribed." In *Pigott* v. *Moran*, 231 Va. 76, 341 S.E.2d 179 (1986), we considered whether an action based on fraud was governed by the one-year or by the five-year statute. In *Pigott*, purchasers of land alleged that they had been defrauded by an agent's misrepresentations concerning the zoning of abutting property. The purchasers alleged that they had sought property in a residential neighborhood and had made the purchase on the agent's assurance that the neighborhood was of that character, while in fact the abutting property was zoned for industrial use and this fact caused them to sustain financial loss resulting from diminution of the property's value. We held that the purchasers' claim was based upon personal financial damage, not injury to property. We said:

> The fraud allegedly committed by the realtor had no impact upon the real property itself. The purchasers' land was in the same condition and was available for the same use after the alleged fraud as it was before. The defendants' conduct was directed at the plaintiffs personally and not their property,

real or personal. Consequently, the trial court correctly decided the one-year limitation governs an action for fraud.

*Id.* at 81, 341 S.E.2d at 182. In *House* v. *Kirby*, 233 Va. 197, 201, 355 S.E.2d 303, 306 (1987), we reaffirmed our holding that the one-year limitation period governs actions for fraud.

■ Although the trial court in the present case based its ruling upon *Pigott*, the plaintiffs contend that *Pigott* is inapposite. This is so, they argue, because in the present case the defendants' alleged fraud directly affected their property. The plaintiffs allege that they were fraudulently induced to convey to the lenders a security interest in both corporate and individual assets, which they subsequently lost entirely through foreclosure and repossession. The plaintiffs point out that the allegedly defrauded purchasers in *Pigott* retained their property, with all the rights of use they would have had in the absence of the agent's misrepresentations, but that they, the present plaintiffs, have suffered a loss of all use, enjoyment and value in their property by reason of the alleged fraud.

We think this purported distinction to be more apparent than real. The defendants' alleged fraud had no effect upon the plaintiffs' property. The property had the same form, the same value, and was adapted to the same uses after the defendants' actions as before. The defendants are simply alleged to have persuaded the plaintiffs to part with it. Thus, the allegedly wrongful acts were aimed at the persons of the plaintiffs. Rather than injuring their property, the alleged wrongs caused them to sustain "financial damage personal to the individual," as did the misrepresentations alleged in *Pigott*.

■ Because fraud invariably acts upon the person of the victim rather than upon property, its consequence is personal damage rather than injury to property.* We therefore reaffirm our holdings in *Pigott* and *House*.

---

* The General Assembly has clearly taken the same view. In 1987, subsequent to our decision in *Pigott*, the General Assembly removed actions for fraud from the catchall provisions of Code § 8.01-248 by including such actions under the two-year limitation of Code § 8.01-243(A), along with "every action for personal injuries, whatever the theory of recovery." Acts 1987, c. 679.

Finding no error in the trial court's choice of the applicable limitation period, we will affirm the judgment.

*Affirmed.*