## CIRCUIT COURT OF THE CITY OF RICHMOND

Gerald A. Schultz & Associates, P.C.

v.

Brian A. LaLonde et al.

November 6, 1989

Case No. LR-2816-4

By JUDGE RANDALL G. JOHNSON

This case involves a dispute between Gerald A. Schultz & Associates, P.C., an accounting firm, and three of Schultz's former employees, one of whom is also a former officer of Schultz. The three former employees, the defendants in this suit, all left Schultz at the end of August or beginning of September, 1988, and immediately established a competing firm. The instant action centers around Schultz's claim that its rights and business interests were unlawfully violated by the defendants by the manner in which the defendants accomplished their move.

Count I of the motion for judgment alleges that Brian LaLonde, the former officer, breached his duty of good faith and loyalty to Schultz by "appropriat[ing] and convert[ing] to his private and commercial use confidential and proprietary information from Schultz . . . ." Count II alleges that LaLonde and the other two defendants violated Va. Code § 18.2-499 in that they "knowingly and intentionally combined, associated, agreed, tortiously conspired, and mutually undertook to wrongfully appropriate and convert information and property belonging to Schultz and to use that information and property in furtherance of their own commercial and private purposes, thereby willfully and maliciously injuring Schultz in its profession." The case is presently before the court on defendants'

demurrer to Count II. Because the court agrees with defendants that the motion for judgment does not sufficiently allege a violation of Va. Code § 18.2-499, the demurrer will be sustained.

Section 18.2-499 provides, in pertinent part, as follows:

> (a) Any two or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever, or for the purpose of willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 3 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under Section 18.2-500.[1]

As can be seen, malice is an essential element of a violation of § 18.2-499. In *Greenspan v. Osheroff*, 232 Va. 388 (1988), the Supreme Court stated:

> [W]hen the fact-finder is satisfied from the evidence that the defendant's *primary and overriding* purpose is to injure his victim in his reputation, trade, business or profession, motivated by hatred, spite or ill-will, the element of malice required by Code § 18.2-499 is established . . . . 232 Va. at 399 (emphasis added). *See also Nationwide Mutual Fire Insurance Company v. Jones*, 577 F. Supp. 968, 970 (W.D. Va. 1984).

---

[1] The relevant portion of Section 18.2-500, referred to in the preceding section, states: "(a) Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of Section 18.2-499 may sue therefor and recover three-fold the damages by him sustained and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term 'damages,' shall include loss of profits."

In the case at bar, the motion for judgment fails to allege that defendants' primary and overriding purpose was to injure the plaintiff. Indeed, the allegations are directly contrary to such an assertion. For example, paragraphs 7 and 8 of the motion for judgment allege that defendant LaLonde, while still an officer and employee of Schultz, was making plans and arrangements to establish a competing accounting firm. Paragraph 13 alleges that LaLonde made false statements to numerous clients of Schultz "for the purpose of convincing clients to discharge Schultz as their accountant and to employ LaLonde." Paragraph 17 alleges that the defendants' actions were "in furtherance of their own commercial and private purposes, thereby willfully and maliciously injuring Schultz in its profession." These allegations are not sufficient to show malice under § 18.2-499. At most, they show that any injury to Schultz was merely a by-product of defendants' real purpose, to set up their own accounting firm. Whatever might be defendants' liability for a breach of their duty of loyalty, there is no allegation in the motion for judgment that their actions were "motivated by hatred, spite or ill-will." *Greenspan, supra.* Without such an allegation, Va. Code Section 18.2-499 cannot be invoked. Defendants' demurrer to Count II is sustained.