## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Bernice C. Johnson

v.

Ann Hutton Plaisance et al.

October 4, 1991

Case No. (Law) 4865

By JUDGE JAY T. SWETT

Plaintiff has filed an amended motion for judgment, including four separate counts arising out of her termination from employment by the defendants. Count I is under Va. Code § 18.2-500, in which she alleges a conspiracy to injure her reputation, trade, business or profession. Count II alleges a tortious interference with contractual relations. Count III seeks damages for intentional infliction of emotional harm. Count IV alleges breach of a written employment contract. In response, the defendants assert that Counts II and III are barred by the one-year statute of limitation under Va. Code § 8.01-248. The defendants also demur to Counts I and III and to plaintiff's claim for attorney fees. Defendants further assert that all

claims should be dismissed on the ground that the plaintiff's exclusive remedy is under the Virginia Workers' Compensation Act.

*Facts*

In her amended motion for judgment, plaintiff states that she was employed as a registered nurse by National Health Care Affiliates, Inc., d/b/a Piedmont Health Care Center, Inc. Defendant Plaisance was also employed by National Health and was plaintiff's supervisor. Piedmont Health Care Center is a nursing home owned and operated by National Health.

Ms. Johnson was initially employed at Piedmont Health in February of 1988. In October of 1988, she took a leave of absence to receive treatment for alcoholism. She returned to work in December under the terms of a "written re-entry contract." Under that contract, Ms. Johnson agreed to be subject to random urine or blood examinations to determine the presence of alcohol.

On January 23, 24 and 25, 1989, Ms. Johnson called Piedmont Health and reported that she could not come in because she was sick. When Johnson called on January 26, she spoke with Plaisance who suspected that Johnson had been drinking. Ms. Plaisance called Betty Mae Fitch, Ms. Johnson's niece, and asked Fitch to determine if Johnson had consumed alcohol. Apparently, Fitch reported back to Plaisance that Johnson had been drinking. Based on this information. Plaisance terminated Johnson from employment on January 27, 1989. Ms. Plaisance then called the Virginia State Board of Nursing and reported that Ms. Johnson was unfit to practice as a registered nurse and related the information she had learned concerning Johnson's use of alcohol. Although Fitch was the plaintiff's niece, she was not living with Johnson at the time. Fitch was neither affiliated with nor employed by the defendants. Prior to discharging plaintiff or calling the Virginia Board of Nursing, Plaisance took no action to confirm whether Ms. Johnson had been drinking or whether she in fact was ill on the days she missed work. Plaintiff contends that had Plaisance made an investigation regarding the allegation of alcohol use, she would have learned the allegation was untrue.

Plaisance's report to the State Board of Nursing resulted in Ms. Johnson's nursing license being "interfered" with in some way. She also lost employment contracts as a result of the false allegation made to the State Board of Nursing. Ms. Johnson also contends that defendants' actions caused her admission to Western State Hospital for three days in February, 1989, for "alcoholism relapse." Ms. Johnson further contends that she was unable to care for herself and was "incompetent to handle her own affairs" until August of 1989.

In February of 1990, a hearing by the State Board of Nursing found no evidence to support the allegations made by the defendants. Ms. Johnson filed this suit on June 29, 1990, alleging an unlawful conspiracy under Section 18.2-500, a tortious interference with contractual relations, intentional infliction of emotional distress, and a breach of contract.

### Defense of the Statute of Limitations

Defendants contend that the one-year statute of limitations under § 8.01-248 requires a dismissal of Counts II and III. Plaintiff's discharge from employment occurred on January 27, 1989, and suit was not filed until June 29, 1990.

With regard to Count II, the tortious interference with contractual relations, this court finds no case directly on point. Section 8.01-248 provides for a one-year limitation for personal actions if there is no other limitation otherwise prescribed. Count II does assert a personal as opposed to a property action. Accordingly, the one-year statute of limitation applies as there is no other statute applicable. See *J. F. Toner & Sons v. Staunton Prod. Credit*, 237 Va. 155 (1989). Plaintiff does assert that she was under a disability for a portion of the time between January 27, 1989, and June 29, 1990, and that the statute of limitations should be tolled pursuant to § 8.01-229(A). The parties agree that such a determination requires an evidentiary hearing.

Defendants' plea of the statute of limitations as to Count III is denied. A cause of action for intentional infliction of emotional distress is a claim for personal

injuries under § 8.01-243, which provides for a two-year limitation. *Luddeke v. Amana*, 239 Va. 203, 207 (1990).

### *Demurrer to Conspiracy Count*

Defendants have demurred to Count I alleging a conspiracy under §§ 18.2-499 and 18.2-500. Relying principally on federal cases that have interpreted these statutes, defendants argue that conspiracy claims of this nature are limited to injuries related to one's business and not a claim arising out of one's personal right of employment. However, recent cases by our Supreme Court have not construed these statutes so narrowly.

In *Allied Realty Corp. v. Holbert*, 227 Va. 441 (1984), the plaintiff realty company alleged that a conspiracy by an accountant and others to suppress offers to sell property were claims of injury to business and sufficient to withstand a demurrer. In *Chavis v. Johnson*, 230 Va. 112 (1985), the Supreme Court, in dicta, suggested that civil conspiracies related to a tortious interference with contract rights could be actionable under § 18.2-500. 230 Va. at 120.

More on point is the case of *Greenspan v Osheroff*, 232 Va. 388 (1986). In *Greenspan*, the Supreme Court affirmed a chancellor's award of substantial damages to a physician against other physicians who had conspired to injure Osheroff's business, profession, and reputation. The evidence at trial included loss of professional fees to the plaintiff representing loss of income. While the principal issue discussed in *Greenspan* was the issue of malice, the decision supports the application of § 18.2-500 to a claim for damages to one's reputation and profession as a registered nurse.

Here, Ms. Johnson contends that defendants conspired with Betty Mae Fitch to willfully and maliciously injure her reputation, trade, business, and profession as a registered nurse. She claims lost employment contracts as a result of the unlawful acts committed in furtherance of the conspiracy. This claim for loss of income is indistinguishable from the claim approved in *Osheroff*. Accordingly, the pleading as to Count I is sufficient to withstand a demurrer.

### Demurrer to Count of Intentional Infliction of Emotional Harm

In Count III, plaintiff contends that her discharge and the reporting of the false allegations regarding the plaintiff's drinking caused her to suffer a relapse of alcoholism, caused her to be unable to eat or sleep, to lose weight, and rendered her unable to conduct her personal and business affairs. She contends that these allegations are sufficient to state a claim of intentional infliction of emotional distress under *Womack v. Eldridge*, 215 Va. 338 (1974).

This cause of action is sometimes referred to as the "tort of outrage." *Russo v. White*, 241 Va. 23, 26 (1991). It is not always clear what conduct is sufficiently outrageous to support this tort. *See, Ruth v. Fletcher*, 237 Va. 366 (1989). The type of conduct required for this tort must be more than conduct characterized by malice. It requires even more than what would be found to be sufficiently egregious to support a claim for punitive damages. Citing the Restatement (Second) of Torts, § 46 (1965), the Supreme Court has stated that liability for this tort is found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 241 Va. at 27.

The conduct complained of here does not meet this standard. Plaintiff contends that she was fired from her employment because of an unfounded allegation of drinking. She contends that this incident was reported to the State Board of Nursing. There are no other facts pleaded regarding conduct attributable to the defendants. Assuming these allegations to be true, defendants' conduct is not sufficiently outrageous to support a claim for intentional infliction of emotional harm. Defendants' demurrer to Count III is granted.

### Demurrer as to Claims for Attorney Fees

The amended motion for judgment is insufficient to state a claim to recover attorney fees unless plaintiff is entitled to recover under her conspiracy claim in

Count I. Defendants' demurrer to the request for an award of attorney fees apart from Count I is granted.

### The Virginia Workers' Compensation Act

Defendants have moved to dismiss the amended motion for judgment arguing that plaintiff's exclusive remedy is under the Virginia Workers' Compensation Act (the Act), Sections 65.1-1, *et seq.* The motion to dismiss applies to Counts I, II and III and not to the breach of contract claim.

The starting point in a discussion of this defense is whether plaintiff is claiming that she was an employee of National Health Care. In her original and in her amended motion for judgment, Johnson claims that she was employed by National Health Care under a written contract. She contends that defendant Plaisance was also an employee of National Health Care and was plaintiff's supervisor while employed at the Piedmont Health Care Center. The amended motion for judgment refers to a Virginia Employment Commission hearing in which the plaintiff was found eligible for unemployment benefits premised on her being an employee of National Health Care. There is no affirmative allegation in the amended motion for judgment that plaintiff was employed as an independent contractor by defendants. Based on the pleadings, the relationship between plaintiff and defendants was employee and employer for the purposes of ruling on defendants' motion.

In addition, the allegations make it clear that the acts complained of arose out of and in the course of plaintiff's employment. Although the acts complained of were intentional, the acts still are sufficient to come under the Act.

Whether the Act affords plaintiff her exclusive remedy to Counts I, II or III requires an analysis of three recent decisions from our Supreme Court. They are *Haddon v. Metropolitan Life Insurance*, 239 Va. 397 (1990); *Kelly v. First Virginia Bank*, 241 Va. ix (1991); and *Snead v. Harbaugh*, 241 Va. 524 (1991).

In *Haddon*, the Court held that a claim by an employee for emotional distress, humiliation, and mental anguish arising out of a pattern of sexual harassment by a co-employee during employment constituted a claim within

the definition of an "accident" under the Act. The Court affirmed the trial court's dismissal of the suit finding the Act was the employee's exclusive remedy. In *Kelly*, the Court, without opinion, affirmed a dismissal of a suit citing *Haddon*. In *Snead*, the Court reversed the trial court's dismissal of defamation and a tortious conspiracy suit filed under § 18.2-500 where the trial court's dismissal was based on *Haddon*. Snead, a law professor at the University of Richmond, sued the dean and others for defamation and for damage to his reputation. The Court held *Haddon* was not applicable. In doing so, the Court focused on the nature of the injury claimed by Snead and not on the label assigned to the "species of tort" in determining whether the Act precluded the common law tort claim. In *Snead*, plaintiff was seeking damages for injury to his reputation. He did not seek damages for a physical or emotional injury. Finding that the Act is intended to award damages for personal injuries, including physical and emotional injuries, the Court held the Act was not intended to compensate for nonpersonal injuries such as an injury to reputation.

These cases require this trial court to address the type of injury and the resulting damages claimed by a plaintiff. In Count III, plaintiff contends that the intentional wrongful acts of defendants caused her such personal injuries, including nervousness, loss of weight, inability to sleep and eat, and related emotional distress. Although Count III is dismissed for failure to state a claim for an intentional infliction of emotional harm, it should be dismissed on the alternative ground that plaintiff's exclusive remedy for this type of injury is under the Virginia Workers' Compensation Act.

The same cannot be said for the injuries claimed in Counts I and II. In Count I the principal claim of the plaintiff is that defendants were part of a conspiracy which willfully and maliciously injured her reputation, trade, and business as a registered nurse. As noted in *Snead v. Harbaugh, supra*, such injuries are not personal injuries of the type compensable under the Virginia Workers' Compensation Act.

In Count II, the principal claim is for interference with contractual relations. Although this is a personal claim, it is not a claim for either physical or emotional

injury. Thus, the Act provides no remedy for this type of injury.

Accordingly, plaintiff is not precluded from pursuing Counts I and II on the ground that her exclusive remedy is under the Act. The Act does preclude her from pursuing Count III.