## CIRCUIT COURT OF FAIRFAX COUNTY

Lykes

v.

Duff et al.

February 22, 1995

Case No. (Law) 129749

By Judge Thomas A. Fortkort

This case was taken under advisement to consider the issue of whether the claims for tortious interference with contractual relations and breach of fiduciary duty are time-barred. For the following reasons, the Court holds that all counts of the Amended Motion for Judgment are barred by the applicable statute of limitations.

The plaintiff and defendants Duff and Sarver associated to form a business in Arlington in December of 1994. By the terms of the Shareholders' Agreement entered into by the parties, the corporation was to buy the shares of any shareholder making such a demand, unless a second shareholder made such a demand within thirty days of the first demand, in which case the corporation was to sell all the stock to a third party at the best obtainable price no later than twelve months from the second demand.

Duff made a demand on January 21, 1988, followed by demands by Lykes and Sarver on or about February 19, 1988. The plaintiff alleges that the required sale to a third party should accordingly have occurred on or about February 19, 1989. Defendants Scott, Bowen, and Susan Sarver are alleged to have knowingly interfered with the contractual arrangement by inducing Duff and Sarver to continue the corporation in operation and not selling the stock (Counts I and II). Count IV alleges that the defendants breached their fiduciary duty to the plaintiff by not selling the stock.

The present action was filed on February 3, 1994. The defendants' raise as a plea in bar the statute of limitations and claim that since this is an action for injury to a person not otherwise covered by an applicable statute of limitations, § 8.01-248 applies, and one year is the appropriate limita-

tions period. The plaintiff claims this is an action for injury to property and so § 8.01-243(B) applies, and five years is the proper limitations period.

This Court agrees with the defendant that one year is the appropriate statute of limitations period because this is an action not for injury to property, but rather sounding in fraud for injury to a person. The Court believes *J. F. Toner & Sons v. Staunton Prod. Credit*, 237 Va. 155 (1989), correctly states the principle governing the decision in this type of action. There the Supreme Court ruled that the shorter limitations period applied to an action which alleged fraud and misrepresentation against a lender and its agents in refusing to make an additional loan to the plaintiffs after a major stockholder had pledged assets to secure the loan. The Court held that the wrongful acts alleged were not directed at the property of the plaintiff with a view to damaging it but rather at injuring the plaintiff's person financially. *J. F. Toner* at 158.

Here, similarly, the damage caused is alleged to be financial damage personal to the individual.[1] Moreover, as in *J. F. Toner*, the property in question has the same form and is adapted to the same use as before the alleged actions of the defendants. If there has been a diminution in value, that by itself does not convert the cause of action into one for property damage. See, *Pigott v. Moran*, 231 Va. 76, 79 (1986).

Therefore, since the cause of action is in the nature of injury to the person and not to property, § 8.01-248 is the appropriate statute of limitations in this case as to all counts. As no statute of limitations specifically applies to the causes of action pleaded, the general limitation provision of § 8.01-248 applies. All counts, which state causes sounding in tort for injury to the financial interests of the plaintiff, not to his property, had to have been brought by February 20, 1990. None were and consequently, the claims in all counts are time-barred and may not be asserted.

---

[1] See ¶ 27 of the Amended Motion for Judgment: "The breaches of fiduciary duties . . . have proximately resulted in financial injury to the Plaintiff . . . ." See also ¶¶ 10, 14, and 18 to the same effect in Counts I, II, and III.