## CIRCUIT COURT OF FAIRFAX COUNTY

Jean Y. Agbey

    v.

Nizar M. Dalloul et al.

Case No. (Law) 145941

BY JUDGE RICHARD J. JAMBORSKY

March 28, 1996

After careful consideration, the Court overrules Defendants' pleas in bar invoking the statute of frauds and the statute of limitations.

Defendants Nizar M. Dalloul and International Technologies Integration, Inc. ("ITI") filed three pleas in bar to Plaintiff's Motion for Judgment. On December 22, 1995, the Court overruled the plea in bar of equitable estoppel and took the pleas in bar based on the statute of limitations and the statute of frauds under advisement.

### *Plea of Statute of Frauds*

Defendants argue the Court should sustain the plea of statute of frauds because the agreement Plaintiff alleges existed between him and the Defendants was oral and could not be performed within a year. Plaintiff, on the other hand, contends the agreement could be performed in a year (even if it were unlikely to be performed in a year), and therefore, the statute of frauds does not apply.

Since Defendants filed a plea in bar, the Court must make a factual determination whether the contract could be performed in a year. First, Defendant Dalloul's affidavit is the only evidence Defendants introduced. It fails, however, to address whether the agreement could have been performed

4

in a year. The testimony contained in the affidavit merely denies the existence of the agreement. Second, Defendants argue that the alleged contract was so indefinite in scope and time, it could not be performed in one year. The case law, however, does not hold that the statute of frauds applies when an agreement is indefinite in scope and time. Rather, the statute of frauds does not apply if it is possible for the agreement to be performed in a year. Virginia Code § 11-2 reads in part as follows:

> *When written evidence required to maintain action.* Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases … .
> 8. Upon any agreement that is not to be performed within a year
> ….

The Supreme Court of Virginia addressed this issue in *Silverman v. Bernot*, 218 Va. 650, 654 (1977). The Court stated:

> When it appears by the whole tenor of an agreement not in writing that it is to be performed after the first year, then the contract is within the statute and must be in writing. [Citation omitted.] But when by its terms, or by reasonable construction, such a contract can be fully performed on one side within a year, *although it can be done by the occurrence of some improbable event*, as the death of the person referred to, the contract is not within the statute and need not be in writing. [Citation omitted; emphasis supplied.]

Defendants have failed to carry their burden in convincing the Court that the contract could not be performed in a year. Thus, the plea is overruled.

### Plea of Statute of Limitations

According to Defendant, Plaintiff alleges Defendants breached the 1990 agreement in late 1990 or early 1991 when the parties reached the 1991 agreement. Thus, the three-year statute of limitations for oral agreements bars Plaintiff's claim because he did not file his motion for judgment until 1995. Plaintiff contends the breach did not occur until 1993. Thus, Plaintiff filed his motion for judgment within the limitations period.

Since Defendants filed a plea in bar, the Court must make a factual determination when the breach occurred. The parties each allege a different set of facts for each breach. Specifically, Plaintiff alleges the breaches occurred in 1993 when Defendant denied Plaintiff his partnership shares; Defendant maintains the breach occurred in late 1990 or early 1991 when the parties reached the new agreement. In essence, Defendants assert a cause of action that Plaintiff never asserted in his motion for judgment. However, even if the Court assumes Defendants are correct that Defendant breached the contract in late 1990 or early 1991 and the Court sustains the plea with respect to the 1990 or 1991 breach, Plaintiff never asked for relief under this theory. The Court finds Defendants have failed to carry their burden in demonstrating Defendants did not breach the contract in 1993.

The Court finds the pleadings to be verbose and recommends that the attorneys carefully read Rule 1:4(j).

## May 22, 1996

This matter comes before the Court on Plaintiff's Motions for Default Judgment and for Sanctions and Defendants Nizar M. Dalloul and International Technologies Integration, Inc.'s Plea of the Statute of Limitations in Bar of Recovery on Counts III to VI of Plaintiff's Verified Motion for Judgment. Following oral argument on May 3, 1996, the Court denied both of Plaintiff's Motions. Noting that neither the Virginia Supreme Court nor the Court of Appeals have directly addressed application of the statute of limitations to those claims raised in Defendants' motion, the Court took Defendants' Plea in Bar under advisement for further consideration.

This case arises out of an alleged oral partnership agreement entered into by Plaintiff and Defendants purportedly to share the profits and losses of various joint business ventures. In Counts III to VI of the Verified Motion for Judgment, Plaintiff seeks damages for Breach of Fiduciary Duty, Conspiracy to Violate and Induce Violation of Contractual Obligations, Statutory Civil Conspiracy, and Tortious Interference with Contract. According to the facts as alleged in the Verified Motion for Judgment, these causes of action accrued in May, 1993, at the latest. Plaintiff filed his Verified Motion for Judgment on October 3, 1995.

Defendants contend that Counts II to VI are neither actions for "personal injury," which are governed by a two-year limitations period, nor are they actions for "injury to property," to which the Code establishes a five-year limitations period. Therefore, Defendants argue that Plaintiff's claims are

governed by the one-year "catch all" statute of limitations pursuant to Va. Code § 8.01-248 and are thus time-barred.

## I. *Judicial Estoppel*

As a preliminary matter, Plaintiff contends that in Defendants' first Statute of Limitations Plea in Bar, argued before Judge Jamborsky, Defendants stipulated to the application of a three-year limitations period for all claims in the Verified Motion for Judgment. Therefore, Plaintiff objects to Defendants' present reliance on the one-year "catch all" statute and argues that the doctrine of judicial estoppel precludes Defendants from raising the one-year limitations period for purposes of this Plea.

As was indicated in its letter dated April 24, 1996, the Court disagrees with Plaintiff's estoppel argument and finds that the Plea in Bar argued before Judge Jamborsky did not directly address the applicable statute of limitations for Plaintiff's Counts III to VI. Additionally the Defendants filed this second Plea in Bar before Judge Jamborsky had ruled on the first Plea. Therefore, the Court finds that Defendants are not precluded from asserting this second Plea in Bar.

## II. *Count III: Breach of Fiduciary Duty*

Because Plaintiff's claim for Breach of Fiduciary Duty arises out of the oral partnership agreement, Plaintiff urges the Court to apply the three-year limitations period applicable to oral contracts. Alternatively, Plaintiff argues that the five-year limitations period for injury to property applies as Plaintiff is seeking damages resulting from the alleged destruction of his entire business.

Although Plaintiff is correct in stating that any fiduciary obligation owed to Plaintiff arose out of the contract, establishment of a fiduciary duty was not the purpose for which the parties entered into the contractual arrangement. Rather, the purpose of the contract was to create a partnership relationship between the parties entitling them to share business profits from which a legally-imposed fiduciary duty incidentally arose. Furthermore, any fiduciary obligation owed by Defendants was to Plaintiff personally as opposed to Plaintiff's property. *See, F.D.I.C. v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993) ("[Plaintiff] maintains the breach of duty action because [Defendants] acted in a manner that purportedly *personally wronged* [Plaintiff]." (Emphasis added)). By allegedly breaching the duty, Defendants injured Plaintiff, not the partnership established by the contract or partnership property. Therefore,

breach of fiduciary duty does not constitute breach of a contractually-established property right and thus does not qualify for the benefit of either the three-year breach of contract or the five-year injury to property limitations periods. The one-year "catch all" limitations period governs this Count, and the Court finds Plaintiff's claim is time-barred.

## III. *Counts IV to VI*

With respect to Plaintiff's claims for Conspiracy to Violate and Induce Violation of Contractual Obligations, Statutory Civil Conspiracy, and Tortious Interference with Contract, Plaintiff contends, once again, that the five-year limitations period for "injury to property" applies. Basically, Plaintiff argues that according to Virginia law, Plaintiff's contractual right to a business interest is a property right. *See, Worrie v. Boze*, 198 Va. 533, 536-37 (1956) ("[I]t is well settled that the right to performance of a contract and the right to reap profits therefrom are property rights which are entitled to protection in the courts.") Therefore, because Plaintiff is seeking redress for Defendants' alleged destruction of Plaintiff's entire business, Plaintiff asserts that his claims are subject to the five-year, rather than the one-year, limitation.

In analyzing the appropriate statute of limitations with respect to these claims, the ultimate issue becomes whether Plaintiff seeks damages for actual injury to his business or whether Plaintiff seeks redress for personal financial damage. In other words, if Plaintiff's business had been damaged in that the actual value of the contract was reduced, Plaintiff's claims would fall within the five-year limitation period for damaged property. On the other hand, if the value of the business and the value of the contract remained intact and Plaintiff merely seeks an award for his unclaimed share of the business, Plaintiff's claim does not involve injury to his property, but rather injury to him personally, thus invoking the one-year limitations period. Failure to distinguish between these injuries creates the danger that every breach of partnership or contract will be characterized as injury to property for purposes of the statute of limitations, a characterization clearly not intended by the Virginia legislature. *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522 (4th Cir. 1987) ("LaVay characterizes the injury to its property as the injury to its partnership interest; but this argument goes too far .... It converts every breach of partnership or contract into the equivalent of an injury to real property.").

Plaintiff's Verified Motion for Judgment alleges that Defendants endeavored to "exclude Plaintiff Agbey from benefits and profits to which Plaintiff Agbey was entitled as partner and contractual party." (VMFJ ¶¶ 139,

8

145, and 152.) As a result, Plaintiff seeks damages equal to "all profits and benefits to which he is entitled as partner and contractual party," in addition to damages for alleged mental anguish and suffering. Clearly, all claims for mental anguish and suffering are personal in nature and are time barred. Furthermore, nowhere in the Verified Motion for Judgment does Plaintiff allege total destruction of the business or partnership or damage to the value of the contract itself as distinguished from his interest in the contract. Based on these allegations and requests for damage, the Court finds that Plaintiff has not adequately pleaded destruction of a property interest *so as to invoke* the five-year statute of limitations for injury to property. Therefore, Defendants' Plea in Bar is granted as to Counts IV to VI of Plaintiff's Verified Motion for Judgment.

### July 1, 1996

After careful consideration, the Court affirms its prior decision overruling Defendants' pleas in bar invoking the statute of frauds and the statute of limitations.

Defendants Nizar M. Dalloul and International Technologies Integration, Inc., filed three pleas in bar to Plaintiff's Motion for Judgment. On December 22, 1995, the Court overruled the plea in bar of equitable estoppel and took the pleas in bar based on the statute of limitations and the statute of frauds under advisement. By letter opinion dated March 28, 1996, the Court overruled Defendants' pleas in bar based on the statute of limitations and the statute of frauds. Defendants filed a Motion for Reconsideration in response to the Court's decision on both pleas.

### *Plea of Statute of Frauds*

In their Motion for Reconsideration, Defendants argue the Court should sustain the plea of statute of frauds because the agreement Plaintiff alleges existed between him and the Defendants was "boundless in scope" and "infinite in time" and therefore could not be performed within a year. Defendants add the agreement could possibly terminate in a year but that the agreement could not be performed in a year.

Plaintiff, on the other hand, contends the agreement could be performed in a year (even if being performed in a year were unlikely), and therefore, the statute of frauds does not apply.

Since Defendants filed a plea in bar, the Court must make a factual determination whether the contract could be performed in a year. Defendants

argue that the alleged contract was so indefinite in scope and time it could not be performed in one year but agree with the Court that the statute of frauds does not apply when an agreement is indefinite in scope and it is possible for the agreement to be performed in a year. Defendants insist, however, that the indefiniteness of the instant contract required perpetual performance by both sides and, thus, could not be performed in a million years.

Defendants argue *Silverman v. Bernot*, 218 Va. 650, 654 (1977), is not applicable because the contract at issue in *Silverman* provided that the death of one of the parties would constitute full performance, whereas a death of a party in the instant case would terminate the contract. This Court did not cite *Silverman* for the proposition that the contract in the instant case would be performed fully if one of the parties died. Rather, the Court relied on the case to explain the general rule that indefiniteness in the terms of a contract does not subject the contract to the statute of frauds. The *Silverman* Court stated:

> When it appears by the whole tenor of an agreement not in writing that it is to be performed after the first year, then the contract is within the statute and must be in writing. [Citation omitted.] But when by its terms, or by reasonable construction, such a contract can be fully performed on one side within a year, *although it can be done by the occurrence of some improbable event*, as the death of the person referred to, the contract is not within the statute and need not be in writing [Citation omitted] [Emphasis supplied].

Virginia has carved out an exception to this general rule in service or employment contract cases. In such cases, whether a contract falls within the statute of frauds depends on whether the contract will terminate or can be performed in a year. *See Silverman, infra*; *Falls v. Virginia State Bar*, 240 Va. 416 (1990); *Graham v. Central Fidelity Bank*, 245 Va. 395 (1993); and *Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995).

The agreement in the instant case is not an employment or service contract. Rather, it is more like a joint venture or partnership agreement. The only Virginia case addressing a partnership agreement that was indefinite in its performance terms is *Jordan v. Miller*, 75 Va. 442 (1881). In *Jordan*, the Virginia Supreme Court held that an oral partnership agreement was not subject to the statute of frauds even though the performance took longer than a year to complete and the agreement failed to address the time period for performance. Many other states follow the same rule. *See* 72 Am. Jur. 2d, *Statute of Frauds*, § 31, "A contract having for its object the sharing of profits

10

of a particular enterprise, without fixing and definite time for its completion, is not within the [statute of frauds]."

Thus, the agreement in the instant case falls under the general rule that the statute of frauds does not apply to a contract that may or may not be performed in a year. Defendants have failed to carry their burden in convincing the Court that the contract could not be performed in a year. Thus the Court, therefore, overrules the plea.

### *Plea of Statute of Limitations*

In their Motion for Reconsideration, Defendants argue the Court should sustain the plea of statute of limitations because Defendants first breached the contract in late 1990 or early 1991. Thus, the three-year statute of limitations for oral agreements bars Plaintiff's claim because he did not file his motion for judgment until 1994. Plaintiff contends the breach did not occur until 1993. Thus, Plaintiff filed his motion for judgment within the limitations period.

Since Defendants filed a plea in bar, the Court must make a factual determination of when the breach occurred. The parties each allege a different set of facts for each breach. Specifically, Plaintiff alleges the breaches occurred in 1993 when Defendant denied Plaintiff his partnership shares; Defendant maintains the breach occurred in late 1990 or early 1991 when the parties reached the new agreement. Defendants contend that since no continuous breach exception to the statute of limitations in Virginia exists, Plaintiff is barred from bringing his cause of action because the late 1990 or early 1991 breach started the statute of limitations running.

Defendants are correct that Virginia does not recognize a continuous breach exception to the statute of limitations and that if Defendants breached their contract with Plaintiff in late 1990 or early 1991, Plaintiff would be barred from bringing his cause of action. Although the Court failed to reach this conclusion in its March 28, 1996, letter opinion, Defendants have failed to carry their burden in convincing the Court that Defendants breached their contract with Plaintiff in late 1990 or early 1991.