# CIRCUIT COURT OF FAIRFAX COUNTY

Frank Michael
and Eleanor Michael Freeman

v.

Clinton Michael

July 23, 1997

Case No. (Chancery) 139208

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter is before the Court on Defendant's plea in bar of the statute of limitations governing Plaintiff's suit for accounting and Defendant's motion for summary judgment for lack of standing. After careful consideration of counsels' arguments, the Court overrules Defendant's plea in bar and motion for summary judgment.

## I. *Background*

On April 27, 1997, Frank Michael and Eleanor Michael Freeman ("Plaintiffs") brought a suit for an accounting and distribution of residuary estate assets against their brother, Clinton Michael ("Defendant"), individually and in his alleged capacity as executor of the estate of their deceased mother, Florence Jenkins Michael ("decedent"). Plaintiffs seek an accounting of proceeds Defendant allegedly received for the sale of a parcel of land on Fenwick Island, which the Defendant jointly owned with the decedent from June 21, 1969, through September 15, 1983, at which time Defendant

conveyed the property, on the decedent's behalf by a power of attorney executed on August 17, 1983, to the September Corporation. The decedent's will executed on April 22, 1977, several years prior to the sale of the Fenwick property named Defendant as executor and did not mention the Fenwick property.

In the Bill for Accounting, Plaintiffs allege Defendant did not inform the decedent of the sale of the Fenwick property during her lifetime as evidenced by the decedent's frequently expressed belief that she remained a joint owner of the Fenwick property. Plaintiffs further allege the Defendant had a fiduciary duty, as attorney for the decedent, to manage and preserve Florence Michael's share of the sales proceeds from the Fenwick property and further, as the named executor under the decedent's will or administrator of the decedent's estate, to disburse the sales proceeds as part of the decedent's residuary estate.

## II. *Analysis*

Defendant moves the Court to dismiss the instant suit on two grounds. First, Defendant argues the instant suit is time barred under the one year statute of limitations for breach of fiduciary duty actions contained in Va. Code § 8.01-248. Second, Defendant contends that Plaintiffs, as residuary beneficiaries of the decedent's estate, lack standing to bring the instant suit for breach of fiduciary duty against Defendant on their own behalf as opposed to through a qualified personal representative of the decedent. In considering Defendant's arguments on the statute of limitations and standing issues, the Court distinguishes between Plaintiffs' claims that Defendant's breach of fiduciary duty arose, first, as a result of his actions under the power of attorney and, second, as a result of his actions as executor under the will or of the decedent's estate.

### A. *Timeliness of Plea in Bar*

Before considering Defendant's arguments for the plea in bar and summary judgment as they relate to Plaintiffs' two distinct claims for breach of fiduciary duty, the Court rejects Plaintiffs' preliminary argument that Defendant's plea in bar was not timely raised under Rule 3:5 or Rule 2:7. Under Rule 2:7, a defendant may file responsive pleadings any time before the defendant is "in default." The Rule further states a defendant is "in default" if the defendant has not filed a pleading within twenty-one days of service of the subpoena in chancery. Thus, the period of default runs from the date of

service, not the date of filing, as Plaintiff suggests. In the instant suit, Plaintiffs effected service of process on the Defendant on May 4, 1995. Defendant filed an answer on May 17, 1995, within twenty-one days of service, pleading the statute of limitations as a bar in ¶ 12. Accordingly, the Court finds Defendant timely raised the plea in bar in the instant suit.

### B. *Claim for Breach of Fiduciary Duty under the Power of Attorney*

#### 1. *Standing*

Plaintiffs' suit for an accounting is based in part on the claim that Defendant breached his fiduciary duty under the power of attorney executed by the decedent on August 17, 1983. Defendant moves the Court to dismiss such claim on the ground that Plaintiffs lack standing to bring a suit for an accounting based on Defendant's alleged breach of fiduciary duty under the power of attorney. The Court agrees that Plaintiffs have no standing as heirs to demand an accounting of funds Defendant allegedly received in exercising his duties under the power of attorney, as distinguished from exercising his duties as executor of the estate or under the will, for example. The power of attorney executed by the decedent in favor of the Defendant creates a fiduciary duty only towards the decedent and not the decedent's heirs. Thus, a suit for breach of such fiduciary duty is personal to the decedent. Consequently, the Court finds Plaintiffs only have standing to bring a suit for an accounting based on Defendant's breach of fiduciary duty under the power of attorney if (i) Plaintiffs qualified as a personal representative under Code § 8.01-229(B) and (ii) the cause of action for breach of fiduciary duty had not expired at the time of the mother's death.

#### 2. *Plea in Bar*

Assuming the evidence presented at trial shows Plaintiffs have met these requirements for standing to bring a suit against Defendant for breach of fiduciary duty under the power of attorney, the Court must consider whether Plaintiffs' suit is barred by the applicable statute of limitations. The parties concede and the Court agrees that a one year limitations period applies to suits for the breach of fiduciary duty accruing before July 1, 1995, under Code § 8.01-248.

As concerns the accrual date of the cause of action, Plaintiffs contend the instant suit for breach of fiduciary duty accrued only after the decedent's death, when Plaintiffs knew or could have known of the sale of the Fenwick

property. The Court rejects Plaintiff's argument and holds that a plaintiff must bring a suit for breach of fiduciary duty within one year from the date of the breach of the fiduciary duty. Under Code § 8.01-248, the statute of limitations for breach of fiduciary duty suits begins to run from the time the "right to bring such suit has accrued." Code § 8.01-230, governing the accrual of rights of action, provides that prescribed limitations periods begin to run "from the date the injury is sustained in the case of injury to the person or damage to property" or "when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered." A suit for accounting in equity is a contract action under Code § 8.01-31, not an action involving injury to person or property. Consequently, the Court holds the instant accounting suit for breach of fiduciary duty accrued when the breach of fiduciary duty occurred, not when the resulting damage (e.g., the sale of the property or the failure to account properly for the proceeds of sale) was discovered.

At this stage in the proceeding, the Court is unable to determine whether the alleged breach of fiduciary duty has occurred by the time of the decedent's death. Regardless of whether the alleged breach occurred prior to the decedent's death, the Plaintiffs must have qualified under § 8.01-229(B) as the decedent's personal representative to bring a suit for breach of fiduciary duty under the power of attorney. The Bill of Complaint for Accounting is silent on whether Plaintiffs so qualified. Although Defendant asserts in his brief and in oral argument that Plaintiffs did not qualify under Code § 8.01-229(B), this fact remains to be proven at trial. Accordingly, the Court concludes that the determination of whether the applicable statute of limitations bars Plaintiffs' cause of action for breach of fiduciary duty under the power of attorney and whether Plaintiffs have standing to bring such suit will depend on a showing at trial of (i) when Defendant's breach of fiduciary duty to the decedent occurred; (ii) whether Plaintiffs qualified as personal representatives under Code § 8.01-229(B); and (iii) if so, when such qualification took place. The Court overrules Defendant's plea in bar and motion for summary judgment in order to allow such factual issues to be resolved at trial.

## C. Claim for Breach of Fiduciary Duty as Executor or Administrator

The instant suit for an accounting also appears to be based on the claim that Defendant breached his fiduciary duty as executor under the will or as executor of the decedent's estate. The Bill of Complaint and the incorporated will show that the Defendant is named executor under the decedent's will. The pleadings the Court may rely on for purposes of the plea in bar and motion for summary judgment, however, do not show whether Defendant ever qualified

as executor under the will. Defendant in his brief and at oral argument asserts that he never qualified as executor and, therefore, owes no fiduciary duty to Plaintiffs directly for any alleged breach of executorial duties. Plaintiffs, in the alternative, appear to suggest that Defendant did qualify as executor or administrator and, thus, remains liable for the estate assets held. The questions whether Defendant qualified as executor of the estate and whether Defendant owed and breached certain duties as executor under the will are factual issues for trial. If evidence at trial shows that Defendant qualified as executor or administrator and breached duties owed as a result of such position, the Court finds that Plaintiffs have standing to bring an accounting action against Defendant for breach of fiduciary duty as executor or administrator of the estate. The applicable one year statute of limitations, in turn, shall run from the date of the alleged breach of such duties, as determined at trial.

In sum, the Court overrules Defendant's plea in bar and motion for summary judgment and reserves the aforementioned factual issues for determination at trial.