476

# CIRCUIT COURT OF FAIRFAX COUNTY

Professionals I,
Inc., et al.

v.

Arvind Pathak

December 14, 1998

Case No. (Law) 168848

BY JUDGE JONATHAN C. THACHER

This case is before the Court on Defendant Arvind Pathak's Motion to Dismiss Plaintiffs' Motion for Judgment. Pathak's Motion to Dismiss contends that all five counts of Plaintiffs' Motion for Judgment are time barred by the statute of limitations. For the reasons set forth in this opinion letter, Defendant Pathak's Motion to Dismiss is granted as to Count II and denied as to Counts I, III, IV, and V.

## I. *Facts*

Professionals I, Inc., ("PI") is a Virginia corporation established to develop real estate in Northern Virginia. Magano Rogue and John Garlitz are Directors and Shareholders of PI. Samuel Nava, Mohammed Idrees, Baljeet Mahal, and Romulo Villanueva are shareholders of the corporation. Arvind Pathak served as PI's President. As President, Pathak's duties included conducting business, issuing checks, and depositing funds on behalf of PI. Pathak also maintained full possession and control over the business records of the corporation, including the checkbook, check register, and bank statements. In addition, following the settlement of a previous lawsuit, Pathak was responsible for the collection and deposit of the settlement proceeds and conducting the "winding up" of PI, including payment of all corporate debts, distribution of the

corporation's remaining assets to the shareholders, and filing all necessary documents.

One shareholder, Padma K. Shukla, was dissatisfied with the amount of his distribution. On February 13, 1997, while investigating Pathak's actions, Shukla's attorney advised PI's former counsel that Pathak had issued two checks to himself dated May 8, 1995, totaling $196,000.00, and one check dated December 14, 1995, for $40,000.00. Upon learning about the checks, PI, Magano Rogue, John Garlitz, Samuel Nava, Mohammed Idrees, Baljeet Mahal, and Romulo Villanueva subsequently filed a five count Motion for Judgment against Arvind Pathak on February 4, 1998, alleging Fraud, Breach of Fiduciary Duty, Negligent/Constructive Misrepresentation, Detinue, and Conversion.

## II. *Motion to Dismiss*

Pathak filed the Motion to Dismiss on March 3, 1998, which contends that the statute of limitations has run on all five counts of the Motion for Judgment. In support of the Motion, Pathak argues the two year limitation period of Va. Code § 8.01-248 and Va. Code § 8.01-243(A) governs the counts of Fraud, Breach of Fiduciary Duty, Negligent/Constructive Misrepresentation, Detinue, and Conversion. Since the Motion for Judgment was filed on February 4, 1998, more than two years after the alleged act of writing three checks from the PI account to himself, Pathak argues the Motion for Judgment is time barred. In response, Plaintiffs assert that this is an action for injury to property, thus under Va. Code § 8.01-243(B), the five year limitation period applies. For this reason, Plaintiffs argue the Motion for Judgment is not time barred.

The decisions in *Pigott v. Moran*, 231 Va. 76 (1986); *J. F. Toner and Son v. Staunton Prod. Credit*, 237 Va. 155 (1989); *Vines v. Branch*, 244 Va. 185 (1992); and *Bader v. Central Fidelity Bank*, 245 Va. 286 (1995), provide a framework for establishing the correct statute of limitations period for each of the five counts.

In *Pigott v. Moran*, 231 Va. 76 (1986), plaintiffs bought residential property based upon the defendants' representations that the adjoining property was zoned for residential use. When construction of an industrial park commenced on the neighboring land, plaintiffs sued defendants for fraud. Defendants filed a plea in bar asserting that Va. Code § 8.01-248 (personal actions for which no other limitation is specified) set out the limitation period, and time had elapsed. Plaintiffs argued the action was for injury to property and was covered by the five year limitations period contained in Va. Code § 8.01-243(B). The trial court sustained the plea in bar, and the Supreme Court

affirmed, stating that "[t]he defendants' conduct was *directed at the plaintiffs personally and not their property,* real or personal. Consequently, the trial court correctly decided the one year limitations governs an action for fraud." *Pigott,* 231 Va. at 81 (emphasis added).

In *J. F. Toner and Son v. Staunton Prod. Credit,* 237 Va. 155 (1989), plaintiffs sued defendants for fraud and misrepresentation for failing to provide them with a second loan as agreed after plaintiffs provided additional security. Defendants, citing *Pigott,* argued that the Va. Code § 8.01-248 limitation period applied. Plaintiffs attempted to distinguish their case from *Pigott,* claiming that contrary to *Pigott,* plaintiffs actually lost all of their use, enjoyment, and value in their property because of defendants' fraud. The trial court sustained defendants' pleas in bar, and the Supreme Court affirmed, stating:

> The defendants' alleged fraud had no effect upon the plaintiffs' property. The property had the same form, the same value, and was adapted to the same uses after the defendants' actions as before. The defendants are simply alleged to have persuaded the plaintiffs to part with it. Thus, *the allegedly wrongful acts were aimed at the persons of the plaintiffs.* Rather than injuring their property, the alleged wrongs caused them to sustain "financial damage personal to the individual," as did the misrepresentations alleged in *Pigott.*
>
> Because *fraud invariably acts upon the person of the victim rather than upon property,* its consequence is personal damages rather than injury to property.

*Id.* at 158 (emphasis added).

In *Vines v. Branch,* 244 Va. 185 (1992), plaintiff requested that the defendant deliver payment to the person who sold her a car. The defendant subsequently titled the car in her own name and retained possession of it, refusing to return plaintiff's vehicle. Plaintiff sued for breach of contract and trespass. Responding to defendant's challenge to the trespass count on statute of limitations grounds, plaintiff asserted that defendant's actions constituted a continuing trespass to her personal property and therefore the Va. Code § 8.01-243(B) five year limitation period controlled. The trial court held for defendant, stating that Va. Code § 8.01-248 governed. The Supreme Court reversed, stating:

> One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use.

*Zaslow v. Kroenett,* 29 Cal. 2d 541, 551-52, 176 P.2d 1, 7 (1946). Since Branch's alleged conduct was directed at Vines' property and not at Vines personally, it constitutes an injury to property. *See Pigott v. Moran,* 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). Accordingly, the five year limitation period of Code § 8.01-243(B) governs.

*Id.* at 190.

In *Bader v. Central Fidelity Bank,* 245 Va. 286 (1995), plaintiff's husband forged three of her checks. Plaintiff filed suit against the bank approximately three years later. The bank moved for summary judgment, arguing that the claim arose out of Mr. Bader's fraudulent conduct and thus the claim was barred by the two year limitation period contained in Va. Code § 8.01-243(A), or alternatively that plaintiff's claim was governed by Va. Code § 8.01-248 (as a personal action for which no other limitation period was specified). The trial court held that Bader's claim necessarily arose out of a fraud and therefore was time barred. The Supreme Court reversed, stating that unlike the facts in *Pigott,* this cause of action alleges "Central Fidelity wrongfully exercised authority over her funds and, thus, [Mrs. Bader] was deprived of possession and use of those monies. *See Vines v. Branch,* 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992) (conduct directed at property constitutes an injury to property). Central Fidelity's alleged act of conversion was not aimed at Mrs. Bader's person but was directed upon her property." *Id.* at 290.

The determinative factor in *Pigott, J. F. Toner and Son, Vines,* and *Bader* was at what or whom the tortious conduct was directed. *See, Marabda v. Albanese & Assoc.,* 41 Va. Cir. 186, 191 (1996). In *Pigott* and *J. F. Toner and Son,* when the cause of action was fraud, the conduct was necessarily directed at the party defrauded. *Id.* However, in *Vines* and *Bader,* when the causes of action were for trespass and conversion, the tortious acts were directed at the property, and the Va. Code § 8.01-243(B) five year statute of limitations applied. *Id.*

It is within this analytical framework that the Court must determine the applicable statutes of limitations for each count of Plaintiffs' Motion for Judgment.

A. *Fraud*

As discussed above, "[b]ecause fraud invariably acts upon the person of the victim rather than upon property, its consequence is personal damages rather than injury to property." *J. F. Toner and Son v. Staunton Prod. Credit,* 237 Va. 155 (1989). Therefore, there is a two year limitations period for fraud

claims. Va. Code § 8.01-243(A). The cause of action accrues when the fraud is discovered or reasonably should have been discovered by the exercise of due diligence. Va. Code § 8.01-249. Whether such due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case. *STP Marketing Corp. v. Zolfaghari*, 240 Va. 140 (1990). Since the Motion for Judgment in this case was filed on February 4, 1998, the issue is whether Plaintiffs discovered or reasonably should have discovered the alleged fraud before February 4, 1996.

Plaintiffs' Motion for Judgment states that PI's counsel was notified by Shukla's counsel regarding the checks on or about February 13, 1997. It is at this point when the statute of limitations for the fraud count began to run. Since the Motion for Judgment was filed well within two years after the cause of action for fraud accrued, Pathak's Motion to Dismiss is denied as to Count I.

## B. *Breach of Fiduciary Duty*

Any fiduciary obligation owed by Defendant was to the Plaintiffs personally, as opposed to the Plaintiffs' property. *F.D.I.C. v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993) ("[Plaintiff] maintains the breach of duty action because [Defendants] acted in a manner that purportedly personally wronged [Plaintiff]."). By allegedly breaching fiduciary duties, Defendant injured the Plaintiffs personally, *not* the Plaintiffs' property. "Therefore, breach of fiduciary duty does not constitute breach of a contractually established property right and thus does not qualify for the benefit of ... the five year injury to property limitations periods." *Agbey v. Dalloul*, 41 Va. Cir. 3, 6-7 (1996). Since the alleged fiduciary duty was owed to the Plaintiffs, a breach of the duty would necessarily have to relate to the Plaintiffs themselves rather than their property, the two year limitation period under Va. Code § 8.01-248 applies to this count. *See, Michael v. Michael*, 43 Va. Cir. 150, 153 (1997).

The next issue is when the cause of action for breach of fiduciary duty accrued. Some cases hold that the cause of action begins to run when the breach was, or should have been, discovered by the plaintiff. *See In re Southern Intern. Co., L.P.*, 165 B.R. 815, 824-25 (Bkrtcy. E.D. Va. 1994); *International Surplus Lines Ins. Co. v. Marsh & McLennan*, 838 F.2d 124 (4th Cir. 1988). Other cases hold that the cause of action accrues on the date of the breach. *See Michael v. Michael*, 43 Va. Cir. 150, 153 (1997). I am persuaded that in Virginia, a cause of action for breach of fiduciary duty accrues on the date of the breach. The limitations period for breach of fiduciary duty actions is prescribed by Virginia Code § 8.01-248, which states that the statute of

limitations begins to run when the "right to bring such an action has accrued." Virginia Code § 8.01-230 provides that prescribed limitations periods begin to run "from the date the injury is sustained in the case of injury to the person or damage to property" or "when the breach of contract occurs in actions ex contractu and *not when the resulting damage is discovered"* (emphasis added). Virginia's "discovery rule" only applies to a very narrow class of actions, including fraud and mistake. See Va. Code § 8.01-249(I). Notably, the breach of fiduciary duty claim is not one of the statutorily enumerated causes of action subject to the "discovery rule." Therefore, I hold that in Virginia, a cause of action for breach of fiduciary duty begins to run on the date of the breach and not when the breach was, or should have been, discovered.

In the case at bar, Defendant allegedly breached his fiduciary duty when he issued two checks to himself dated May 8, 1995, totaling $196,000.00, and one check dated December 14, 1995, for $40,000.00. The statute of limitations begins to run on the date the checks were written. Since the Motion for Judgment was filed on February 4, 1998, over two years after the issuing of the last check, Defendants' Motion to Dismiss is granted as to Count II.

## C. *Negligent/Constructive Misrepresentation*

Since the same reasoning outlined above regarding the count of Fraud applies to the Negligent/Constructive Misrepresentation Count, Pathak's Motion to Dismiss is denied as to Count III.

## D. *Detinue*

Detinue is a possessory action which lies wherever the chattel in question is illegally withheld. 6A Michie's Jurisprudence, *Detinue and Replevin*, § 3, p. 104. Under the reasoning of *Bader v. Central Fidelity Bank*, 245 Va. 286, 288 (1995), and *Vines v. Branch*, 244 Va. 185 (1992), a detinue claim is for an act directed at the plaintiff's property, not against the individual. As a result, the five year limitations period set forth in Va. Code § 8.01-243(B) applies. Therefore, Defendant's Motion to Dismiss for Count IV is denied.

## E. *Conversion*

Following the holding in *Bader v. Central Fidelity Bank*, 245 Va. 286, 288 (1995), a claim of conversion involves a tortious act directed at the property, not the individual. Therefore, the five year limitations period set forth

in Va. Code § 8.01-243(B) applies. *Bader*, 245 Va. at 288-89. Defendant's Motion to Dismiss for Count V is denied.

### III. *Conclusion*

For the reasons set out above, Defendant Pathak's Motion to Dismiss is sustained with prejudice as to Count II and denied as to Counts I, III, IV, and V.