## CIRCUIT COURT OF FAIRFAX COUNTY

Schonfeld et al.

v.

Toll Brothers, Inc., et al.

November 23, 1999

Case No. (Law) 182698

BY JUDGE F. BRUCE BACH

This matter is before the Court on both Defendant Long & Foster Real Estate, Inc.'s Demurrer and Plea in Bar to Counts II, IV, and VIII and South Lakes Realty, Inc.'s Demurrer and Plea in Bar to Counts V, VIII, X, and XI. For the reasons set forth below, I overrule Defendants' Demurrers and sustain Long & Foster's Plea in Bar to Counts II and VIII and sustain South Lakes' Plea in Bar to Counts V, VIII, X, and XI. I overrule Long & Foster's Plea in Bar to Count IV without prejudice.

### Facts

In February 1996, Plaintiffs decided to move to northern Virginia and hired a real estate broker from South Lakes to help them buy a home. After making several trips to northern Virginia, Plaintiffs were impressed with Toll Brothers, Inc.'s reputation and the appearance of their homes constructed with a "stucco" exterior. Upon seeing a Long & Foster flyer advertising the sale of a Toll Brothers' model home with a "stucco" exterior, Plaintiffs visited the property and subsequently purchased it. They settled on the house on or about April 30, 1996.

On or about November 5, 1998, Plaintiffs received notice from Toll Brothers that their home was built with Exterior Insulation Finish System ("EIFS"), not "stucco." EIFS has been linked to wood rot and elevated levels of trapped moisture. Plaintiffs contend that this was the first instance that they learned there were problems with their "stucco" and have filed suit alleging fraud, negligent misrepresentation, constructive fraud, breach of warranty, breach of fiduciary duty, negligence, and violation of the Virginia Consumer Protection Act of 1977 ("Consumer Act").

## *Virginia Residential Property Disclosure Act*

The duties of a real estate licensee[1] to the owner or purchaser of a home are set forth in Section 523 of the Virginia Residential Property Disclosure Act ("Residential Act"). As long as the licensee informs the owner or purchaser of its rights and obligations under the Residential Act, the licensee has no further duties and is not liable to any party for failure to disclose information. Va. Code § 55-523 provides:

> A real estate licensee representing any owner of residential real property as the listing broker has a duty to inform each such owner represented by that licensee of the owner's rights and obligations under this chapter. A real estate licensee representing a purchaser of residential real property or, if the purchaser is not represented by a licensee, the real estate licensee representing an owner of residential real estate and dealing with the purchaser has a duty to inform each such purchaser of the purchaser's rights and obligations under this chapter. Provided a real estate licensee performs those duties, the licensee shall have no further duties to the parties to a residential real estate transaction under this chapter and shall not be liable to any party to a residential real estate transaction for a violation of this chapter or for any failure to disclose any information regarding any real property subject to this chapter.

Va. Code § 55-519 provides the required disclosures that the owner of residential real property must give to a purchaser. One of the options under this section is a disclaimer statement declaring that the owner makes no

---

[1] At the November 5, 1999, hearing on these issues, Long & Foster and South Lakes proffered that they are real estate licensees. Plaintiff did not contest these assertions, and therefore, I accept the proffers as true.

representations or warranties as to the condition of the property and that the purchaser accepts the property "as is." Va. Code § 55-519(1) provides that the owner must furnish:

> A residential property disclaimer statement in a form provided by the Real Estate Board stating that the owner makes no representations or warranties as to the condition of the real property or any improvements thereon and that the purchasers will be receiving the real property "as is," that is, with all defects which may exist, if any, except as otherwise provided in the real estate purchase contract.

Defendants have submitted a copy of such a disclaimer statement that was endorsed by the owners on March 15, 1996, and by the purchasers on March 31, 1996. Under the terms of the disclaimer, Plaintiffs accepted the property "as is" and thus acknowledged that they were duly informed of their rights and obligations under the Residential Act.

*Application of the Residential Act to Long & Foster and South Lakes*

Defendants have submitted a copy of the Residential Property Disclaimer Statement ("Disclaimer") which was endorsed by the owners and the purchasers/Plaintiffs. The Disclaimer includes the required language of Va. Code § 55-519(1) that the property is being conveyed "as is" and separate clauses acknowledging that both parties have been informed of their rights and obligations under the Residential Act. Under the owner's acknowledgment clause appears the owners' signatures, and under the purchaser's acknowledgment clause appears the purchasers'/Plaintiffs' signatures. Thus, Long & Foster, a real estate licensee representing the owners as their real estate agent, and South Lakes, a real estate licensee representing the purchasers as their real estate agent, have complied with the Residential Act.

Accordingly, I find that the Disclaimer evidences the fact that Long & Foster and South Lakes have performed all duties required of them by the Residential Act and are not liable for failing to disclose information about the property. Therefore, I sustain Long & Foster's Plea in Bar to Count II because the fraud claim stems from Plaintiffs' allegation that Long & Foster did not disclose that the house was constructed with EIFS. I also sustain South Lakes' Plea in Bar to Count V because the negligent misrepresentation claim alleges a failure to disclose information about EIFS. However, I do not find that the

Residential Act bars Counts X and XI against South Lakes because these counts allege more than simple nondisclosure. These counts of negligence and breach of fiduciary duty include allegations that South lakes did not confirm the authenticity of the information provided about the property.

Arguably, Long & Foster could have raised its compliance with the Residential Act as a defense to Count IV. However, this argument was not made. For that reason, I overrule the Plea in Bar to Count IV without prejudice.

### *Statutes of Limitations*

South Lakes contends that because Count X and Count XI express tortious conduct directed at Plaintiffs personally, the two-year statute of limitations period of Va. Code § 8.01-248 is applicable. That code section states that "every personal action . . . for which no limitation period is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued." Va. Code § 8.01-230 provides that the accrual of a right of action begins to run from the date the injury is sustained and not when the damage is discovered. Thus, the date of accrual in this case would be either the date the home was purchased, March 31, 1996, or the date of settlement, April 30, 1996. Plaintiffs disagree. They argue that these counts are better characterized as actions in fraud for which there is a two-year statute of limitations period. Thus, Va. Code § 8.01-249(1)[2] is applicable, and the action did not accrue until the date of discovery in November 1998, when they received the letter from Toll Brothers stating that their home was constructed with EIFS. This case was filed on August 20, 1999.

Count X alleges negligence and Count XI alleges breach of fiduciary duty. Both of these counts are against South Lakes. Count X alleges that South Lakes, as Plaintiffs' real estate agent, had a duty to provide information about the property and to ensure that such information was correct and that it breached this duty. Count XI alleges that South Lakes, as Plaintiffs' real estate agent, had a fiduciary duty to provide material information about the house and to confirm its veracity and that it breached that duty.

Clearly, the tortious conduct (or lack thereof) alleged in these counts was directed at Plaintiffs personally, and its consequence is personal damages. *Marabda v. Albanese & Associates*, 41 Va. Cir. 186 (Fairfax 1996); *Pigott v.*

---

[2] Va. Code § 8.01-249(1) states: "In actions for fraud or mistake and in actions for rescission of contract for undue influence, when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered."

*Moran*, 231 Va. 76 (1986); *J. F. Toner and Son v. Staunton Prod. Credit*, 237 Va. 155 (1989). Moreover, a breach of fiduciary duty claim is subject to the two-year statute of limitations period prescribed in Va. Code § 8.01-248. *See Singer v. Dungan*, 45 F.3d 823 (4th Cir. 1995); *RTC v. Everhart*, 37 F.3d 151 (4th Cir. 1994); *F.D.I.C. v. Cocke*, 7 F.3d 396 (4th Cir. 1993). Therefore, the two-year statute of limitations in Va. Code § 8.01-248 is applicable. Still, the question of when this cause of action accrued remains.

I disagree with Plaintiffs' contentions that the negligence and breach of fiduciary duty claims alleged in this case are akin to fraud, and as a result, the date of accrual is governed by Va. Code § 8.01-249(1). Indeed, the date of accrual provided in Va. Code § 8.01-249(1) is limited to actions for fraud, mistake, and actions for rescission of contract for undue influence where fraud, mistake, or undue influence have been discovered. I find Plaintiffs' argument too tenuous. Had the legislature intended a date of accrual other than that contained in Va. Code § 8.01-230, it could have included it within Va. Code § 8.01-249(1). Thus, Va. Code § 8.01-230 is applicable and the action accrued in 1996, more than two years before this case was filed in 1999. Therefore, I sustain the Plea in Bar to Counts X and XI.

### Virginia Consumer Protection Act

Under Va. Code § 59.1-199(F), nothing within the Consumer Act shall apply to real estate licensees. Therefore, since Long & Foster and South Lakes are both real estate licensees, I sustain both parties' Pleas in Bar to Count VIII.

### Demurrers

Both parties have also demurred to all counts against them. I overrule all of the demurrers because plaintiffs have stated a cause of action upon which relief can be granted for all counts. Moreover, South Lakes did not agree that Plaintiffs had improperly stated the necessary elements for any count against it.