## CIRCUIT COURT OF CHESTERFIELD COUNTY

Nita K. Pathak,
Trustee

v.

Mukesh Trivedi et al.

### Case No. CH00001075-00

BY JUDGE CLEO E. POWELL

### April 6, 2001

This matter came before the Court on Defendant Gunvant Trivedi, Trustee of the Trivedi Children's Trust, and Gunvant Trivedi, Trustee of the Raj Trivedi Trust (hereinafter, "Trustee Defendants"), Demurrer to the Amended Bill of Complaint (hereinafter "ABOC") of Nita K. Pathak, Trustee of the Sharad Saraiya Present Interest Trust.

*Relevant Facts*

In 1995, defendant Mukesh Trivedi formed Trivedi L.L.C. ("the LLC"). The LLC owns and operates a hotel in Chesterfield County. There are several members of the LLC with varying ownership interests as follows: Mukesh Trivedi (57%); Trivedi Children's Trust (5%); Raj Trivedi Trust (10%); Ramesh D. Shial and Kusum R. Shial (5%); Navinchandra Saraiya

Trust (10%); GSLLC (6%); Sharad Saraiya Present Interest Trust (5%); and Devi Trivedi (2%). Plaintiff became a member of the LLC pursuant to the July 30, 1998, operating agreement. Pursuant to statute, Plaintiff became a member of the LLC when her admission was reflected on the records of the LLC (July 30, 1998), not when she made her capital contribution. (ABOC, ¶ 25.) See Va. Code § 13.1-1038.1(B).

Plaintiff's Amended Bill of Complaint seeks recovery on counts of I: Failure to Deliver Capital Contribution; II: Breach of Contract; III: Fraud; IV: Conversion and Misappropriation; V: Breach of Fiduciary Duty; VI: Punitive Damages; and VII: Injunctive Relief.

Plaintiff's factual claims against Trustee Defendants are that Trustee Defendants were required to make a capital contribution of $150,000.00 each in exchange for their individual membership interests in the LLC. (ABOC ¶ 6(b), (c).) Plaintiff also alleges that they failed to make their contributions. (ABOC ¶¶ 45, 47, 78, 81.) Further, Plaintiff alleges that in May 1997, Mukesh Trivedi caused the LLC to encumber the Hotel Property to secure a $300,000.00 loan for the benefit of the Raj Trivedi Trust. (ABOC ¶ 55.)

The Trustee Defendants demurred to the ABOC on the grounds that Plaintiff lacks standing and that the claims alleged in paragraphs II through VII have not been pleaded with sufficient specificity. The Court agrees.

## I. Plaintiff Lacks Standing

Virginia Code § 13.1-1043 provides as follows:

> In a derivative action, the plaintiff shall be a member at the time of bringing the action and (i) shall have been a member at the time of the transaction of which he or it complains or (ii) his or its status as a member shall have devolved upon him or it by operation of law or pursuant to the terms of the articles of organization of an operating agreement from a person who also was a member at the time of the transaction.

Plaintiff did not become a member until July 30, 1998.[1] Therefore, Plaintiff is not a proper party regarding any acts that are alleged to have occurred prior to that date. Furthermore, Plaintiff has not alleged that her status as a member

---

[1] To the extent Plaintiff implies that the obligation to make a capital contribution extended beyond July 30, 1998, she will be allowed an opportunity to amend her pleadings to plead this claim with specificity.

devolved upon her by operation of law, nor who was a member at the time of those alleged acts. Accordingly, as to such acts, Plaintiff's derivative action is dismissed with prejudice.

## II. *The Breach of Contract Claim Is a Mirror of the Failure to Make Capital Contributions Claim*

Plaintiff's Breach of Contract claim is indistinguishable from her claim of Failure to Make Capital Contributions. Indeed, the claim that the Trustee Defendants failed to make a capital contribution is in fact a Breach of Contract claim. On this issue the Demurrer is sustained, and the Breach of Contract count is dismissed.

## III. *Fraud*

The facts stated in support of Plaintiff's Fraud count all relate to actions allegedly taken by Mukesh Trivedi. (ABOC ¶¶ 88-92.) As such, they fail to state a claim against the Trustee Defendants. This count is dismissed as to the Trustee Defendants, with leave to amend.

Plaintiff's allegations that the Trustee Defendants failed to make their capital contributions cannot support an independent tort action of fraud, as the duty, if one exists, arises solely from a contract. *See, Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.,* 256 Va 553, 507 S.E.2d 344 (1998). Furthermore, to the extent Plaintiff seeks to allege fraud based on the "executing and recording [of] a deed of trust dated May 12, 1997, to secure a loan in the amount of $300,000.00 for the benefit of the Raj Trivedi Trust. . . ." (ABOC ¶ 90(1)), that claim is barred by the two-year statute of limitation.[2] *See, Schonfeld v. Toll Bros., Inc.,* 51 Va. Cir. 134 (1999). A deed of trust is a public document, the existence of which Plaintiff could have discovered within two years of its filing, had she exercised due diligence. There is no evidence that Plaintiff searched for the Deed of Trust, nor that had she searched, she would not properly have been apprised of its existence and contents. The Court concludes that she failed to exercise due diligence. *See, STB Marketing Corp. v. Zolfaghari,* 240 Va. 140, 393 S.E.2d 394 (1990).

---

[2] This claim, as it relates to all counts, is stricken with prejudice on the grounds that Plaintiff is not a proper party regarding acts that occurred prior to July 30, 1998, with regard to which she can make no potential claim of a continuing obligation such as the obligation to make a capital contribution.

## IV. *Conversion and Breach of Fiduciary Duty*

Plaintiff has failed to allege any acts of the Trustee Defendants that support an action for conversion or a breach of a fiduciary duty. The Demurrer is sustained with leave to amend. Plaintiff's allegation that the Trustee Defendants failed to make a capital contribution fails to state a separate tort claim of conversion or breach of fiduciary duty. (*See*, argument in Section III, *supra*.)

## V. *Punitive Damages*

Plaintiff is granted leave to amend her punitive damages claim consistent with the rulings herein.

## VI. *Injunctive Relief*

As to the arguments on injunctive relief, the parties are referred to this Court's order dated January 8, 2001.

### January 9, 2003

Plaintiff filed her original Bill of Complaint on September 7, 2000. The claims raised by Plaintiff arose out of obligations alleged to have derived from a July 30, 1998, Operating Agreement and acts or failures to act on behalf of Mukesh Trivedi from 1983 through the date of filing. Plaintiff filed a second Amended Bill of Complaint on June 20, 2001. The following issues are before the Court:

1. Which version of the proposed Order from the June 24, 2002, hearing is accurate;

2. Whether Counts V, VI, VII, and IX of the Second Amended Bill of Complaint are barred by the Statute of Limitations;

3. Whether a declaratory judgment action is proper regarding the issue of whether Devi Trivedi was required to make a capital contribution;

4. Whether specific performance is proper when there exists an adequate remedy at law;

5. Whether the plaintiff can sue in her individual capacity and receive damages individually in a derivative action.

The Court rules on these issues as follows.

### 1. The Correct Version of the Disputed Order

The Court has reviewed the two proposed Orders and finds that submitted by the Defendants to be consistent with the ruling rendered from the bench.

### 2. Whether Counts V, VI, VII, and IX are Barred by the Statute of Limitations

#### a. Count V: Breach of Fiduciary Duty

As both parties have correctly recognized, the statute of limitations for breach of fiduciary duty is two years. The cause of action accrues on the date of the breach. *See, Professionals I, Inc. v. Pathak*, 47 Va. Cir. 476; *Michael v. Michael*, 43 Va. Cir. 150 (1997). As explained by the Court in *Professionals I*, the limitations period for breach of fiduciary duty actions is prescribed by Virginia Code § 8.01-248, which states that the statute of limitations begins to run when the "right to bring such an action has accrued." *See, Professionals I*, at p. 481. Code § 8.01-230 provides that the prescribed limitations periods begin to run from the date the injury occurs and not when the resulting damage is discovered. *Id.* Any acts complained of under this count that occurred prior to September 7, 1998, are barred by the two year statute of limitations.

This includes the obligation to require the Trusts to make their capital contributions. While the Court has previously allowed Plaintiff to replead this cause of action to the extent the obligation may be viewed as continuing, this ruling did not address the statute of limitations argument which had not been raised. The allegation that Mukesh has continuously failed to require the capital contribution of other members does not extend the statute of limitations. When the statute of limitations begins to run upon the happening of a specific occurrence, the continuing failure to require that the action take place does not commence a new cause of action each day. The cause of action accrues and the statute of limitations begins to run when the breach occurs. *See, Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543 (1989). When Mukesh failed to enforce the provision regarding the capital contributions, Plaintiff's cause of action accrued and the statute of limitations began to run.

The Court is unable to determine whether some of the allegations are time barred because they have no time reference, i.e. paragraph 114l and m. Other allegations are clearly time barred, i.e.: 112a; b; c; d; 114a, j, and k (that portion that occurred prior to September 7, 1998); e; and h. This list is not all

inclusive. All allegations involving acts that occurred prior to September 7, 1998, are barred by the statute of limitations. As to these allegations, the Demurrer is sustained and they are dismissed with prejudice. Paragraphs 114c, d, and g are within the two year limitations period. The Court is unable to determine what portion, if any, of paragraphs 114b, f, and i are within the limitations period, and Plaintiff is ordered to replead these paragraphs with specificity. As to any allegations in this count that do not have a time frame, the Plaintiff is ordered to file an Amended Bill of Complaint and plead those allegations with specificity.

### b. *Count VI: Fraud*

Count VI of the Amended Bill of Complaint alleges fraud. Defendants have demurred to this count on the basis of the statute of limitations. The statute of limitations for fraud is two years. *Smith v. City of Norfolk*, 55 Va. Cir. 410 (2001). The cause of action accrues when the fraud is discovered or, by exercise of due diligence, reasonably should have been discovered. Va. Code § 8.01-249. Due diligence is defined as:

> such a measure of prudence, activity, or assiduity as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by an absolute standard, but depending on the relative facts of each case. . . .

*STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 144 (1990).

The determination of the whether the allegations are time barred is fact driven. Therefore, with regard to the majority of the allegations, the Demurrer is overruled. Until the evidence is presented, it is impossible for the Court to determine when a reasonable and prudent man would have known or when the facts reasonably could have been discovered.

The Court sustains the Demurrer with prejudice, however, with regard to any allegations that relate to the encumbrance on the hotel tract and any allegations relating to any alleged misrepresentations that it was conveyed free and clear specifically ¶¶ 120(a) and 122(b). Plaintiff's pleading clearly establishes that Plaintiff's agent was aware of the encumbrance on the hotel as early as August 1998. Specifically Plaintiff's Bill of Complaint states:

> ¶ 33. On or about August 1998, Raj produced documents to Pathak. . . .

¶ 34. After reviewing the tax returns, Pathak requested that Mukesh and Raj provide an explanation concerning a discrepancy between the basis of the land value in the tax return and the fair market value in the operating agreement. . . .

¶ 36. The following evening, the minority members met with Mukesh. . . .

¶ 37. During the meeting, Pathak discovered that approximately $816,131.47 of the First Union Refinancing Loan Proceeds was used to pay the prior debts of Trivedi, Inc. . . .

Clearly, as early as late August, Pathak knew the hotel was encumbered. The September 7, 2000, filing date is beyond the statute of limitations.

c. *Count VII: Securities Fraud*

Plaintiff alleges the following:

The conduct of Mukesh constitutes the employment of manipulative and deceptive devices, in that the defendants, by use of a means or instrumentality of interstate commerce or of the mails did:

a. Employ a device, scheme, or artifice to defraud;

b. Did make untrue statements of material fact and omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c. Did engage in acts, practices, or course of business which operates as a fraud or deceit upon the plaintiff. . . .

Apparently, the untrue statements of material fact that caused the Plaintiff to invest in the LLC are contained in Paragraphs 37, 38, and 44. The acts complained of are representations regarding the status of the hotel tract and the contributions of the capital contributions. According to Plaintiff, Pathak discovered the factors regarding the encumbrances on the property in August 1998. ¶¶ 33, 35-37.

It appears, although it is not altogether clear, that simultaneously he discovered the alleged failure of other members to contribute their contributions.

The statute of limitations on securities fraud is one year from when it is discovered, but no more than three years. It is clear that Pathak discovered the encumbrance on the property in August 1998. A filing in September 2000 is beyond the statute of limitations. The Demurrer is sustained with prejudice as to this allegation.

Due to the lack of specificity with which the allegations are pleaded, the Court is unable to determine when the issue regarding the capital contributions and the allegations regarding his failure to register the securities was discovered. Therefore, as to these allegations, the Demurrer is overruled and Plaintiff is ordered to replead with specificity.

### d. *Count IX: Unjust Enrichment*

Plaintiff alleges that Defendants have been unjustly enriched by (a) disbursing not less than $780,025.30 to non-contributing members and to affiliated businesses, including Best Trucking, Trivedi, Inc., and Sway, Inc.; (b) disbursing $816,131.47 of the First Union Loan to pay the debts of Trivedi, Inc.; and (c) securing loans and lines of credit with the assets of the LLC for the benefit of non-contributing members and affiliated businesses; (d) utilizing assets of the LLC to further the sale of adjoining parcels owned by Trivedi, Inc.

The statute of limitations for unjust enrichment is two years. Therefore, any claims occurring prior to September 7, 1998, are time barred.

Plaintiff alleges that Mukesh caused the LLC to pay $816,131.47 of the Trivedi, Inc., debt on July 2, 1998. (ABOC ¶ 32.) Therefore, this claim is time barred and Defendant's Demurrer is sustained with prejudice.

Plaintiff alleges that, from November 1997 to February 2001, Mukesh disbursed not less than $780,025.30 from the LLC's bank accounts to the Trivedi Group, including Mukesh Trivedi, Devi Trivedi, Trivedi, Inc., Raj Trust, and Trivedi Trust and to entities affiliated with and controlled by Mukesh, including Best Trucking Co., Inc., and Sway, Inc. (ABOC ¶ 60.) All acts included therein that occurred prior to September 7, 1998, are time barred and Defendants' Demurrer is sustained with prejudice.

The allegations in Paragraph (c) regarding the securing of a loan with the assets of the LLC as pleaded in Paragraph 61 of the Amended Bill of Complaint are time barred and Defendant's Demurrer is sustained with prejudice. The allegation regarding the line of credit referenced in Paragraph 62 is not and, to this claim, the demurrer is overruled.

Allegations regarding the use of assets and profits to acquire and assemble land are not specifically pleaded with regard to a time frame, and Plaintiff is ordered to replead with specificity.

### 3. *Whether Declaratory Judgment is Proper*

A declaratory judgment is not proper if it would be determinative of issues, rather than a construction of definite stated rights expressed in a written instrument. *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998). A declaratory judgment permits a declaration of the parties' respective rights before they mature. The intent is to allow the Court to guide the parties in their future conduct in relation to each other. *Fairfax County Supervisors v. Amalgamated Transit Union*, 38 Va. Cir. 146 (1995). Here, the Plaintiff asks the Court, not to interpret the contract, but rather to determine factual issues. Plaintiff's claims have matured; any wrongs to be suffered have already been suffered; as such, declaratory judgment is not appropriate. *Liberty Mutual Ins. Co. v. Bishop*, 211 Va. 414, 177 S.E.2d 519 (1970). The Demurrer is sustained with prejudice as to the Declaratory Judgment Count.

### 4. *Is Specific Performance Appropriate*

The issue is whether specific performance is proper. Plaintiff asks the Court to order specific performance to compel the capital contributions they allege were never made. The law is clear that specific performance is not appropriate when there exists an adequate remedy at law. *Chattin v. Chattin*, 245 Va. 302, 427 S.E.2d 347 (1993). Moreover, a litigant seeking specific performance must demonstrate the lack of an adequate remedy at law. *Id.* The allegations that support Plaintiff's claims for specific performance are the same allegations reflected in Plaintiffs' Breach of Operating Agreement Count. The Breach of Contract Count is amenable to an adequate remedy of law. Therefore, specific performance is not appropriate. The Demurrer is sustained with prejudice as to this prayer for relief.

### 5. *Whether the Plaintiff Can Sue and Receive Damages in Her Individual Capacity*

It appears that the Defendants argue that Plaintiff cannot recover for individual injuries in a derivative action. To allow such would, potentially, permit a plaintiff to receive a double recovery. Plaintiff, on the other hand, argues that she is only suing derivatively and does not seek any recovery in her individual capacity. It appears that this is somewhat of a non issue. If Plaintiff does not seek to recover individually, then language that she, along with the Corporation, has been injured is surplusage and only serves to confuse the issue. Plaintiff is directed to remove the references to her individual injuries in

paragraphs 106, 107, 110, 111, 113, 114, 115, 121, 124, 125, 126, 137, and 147. The Demurrer is sustained to the extent it argues Plaintiff cannot seek to recover a double benefit by suing both derivatively and individually.

Plaintiff is directed to file an Amended Bill of Complaint within twenty-one days of the Order. Defendants are given twenty-one days from Plaintiff's filing to respond.